**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| MYRON W. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-cv-04316-DCN-TER |
| vs. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's report and recommendation ("R&R"), ECF No. 20, that the court affirm the Commissioner of Social Security's ("Commissioner") decision denying claimant Myron W. Mitchell's ("Mitchell") application for social security insurance ("SSI") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Mitchell filed an application for SSI and disability insurance benefits ("DIB") on July 3, 2018, alleging that he has been disabled since January 1, 1998. Mitchell later amended his onset date to July 1, 2018 and withdrew his DIB claim. The Social Security Administration (the "Agency") denied Mitchell's application initially on December 5, 2018 and upon reconsideration on April 16, 2019. Mitchell requested a hearing before an

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for Andrew Saul, former Commissioner, as the defendant in this lawsuit.

1

administrative law judge ("ALJ"), and ALJ Jerry W. Peace presided over a hearing held on January 22, 2020, at which Mitchell and a vocational expert ("VE"), Kristin Panella, testified. In a decision issued on February 7, 2020, the ALJ determined that Mitchell was not disabled within the meaning of the Act from July 1, 2018 through the date of the decision. Mitchell requested review of the ALJ's decision by the Appeals Council, and on October 16, 2020, the Appeals Council denied Mitchell's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

On December 14, 2020, Mitchell filed this action seeking review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge Rogers. On June 29, 2022, Magistrate Judge Rogers issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 20. Mitchell filed objections to the R&R on July 13, 2022, ECF No. 21, and the Commissioner responded to the objections on July 26, 2022, ECF No. 23. As such, the matter has been fully briefed and is ripe for the court's review.

**B. Medical History**

The parties are familiar with Mitchell's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Mitchell's objections to the R&R. Mitchell alleges an amended disability onset date of July 1, 2018, when he was forty years old. Mitchell alleges a disability due schizophrenia and back impairment. Mitchell has no past relevant work experience.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Mitchell was disabled from his alleged onset date of July 1, 2018, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that Mitchell has not engaged in substantial gainful activity during the relevant period. Tr. 17. At the second step, the ALJ found that Mitchell has the following severe impairments: back impairment and schizophrenia. Tr. 17. At the third step, the ALJ found that Mitchell does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Agency's Listing of Impairments, 20 CFR § 404.1520(d), et seq. Tr. 18. Before reaching the fourth step, the ALJ determined that Mitchell retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stairs; frequently balance, crouch, kneel, or crawl; occasionally stoop; is limited to frequent use of moving machinery, and frequent exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks, performed in a work environment free of fast-paced production requirements, involving only simple, work -related decisions, and with few, if any, work place changes, who is capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; and he can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour work day, with only occasional interaction with the public and only occasional interaction with coworkers.

Tr. 19–20. Based on the RFC, at the fourth step, the ALJ found that Mitchell could perform representative occupations such as a laundry folder, inspector and hand packager, or ticket marker. Tr. 25. Further, the ALJ found that considering Mitchell's age, education, work experience, and RFC, Michell is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr.

25. Therefore, the ALJ concluded that Mitchell was not disabled under the meaning of the Act during the period at issue.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where

conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

## III.   DISCUSSION

In his initial brief, Mitchell raised two primary grounds for arguing that the ALJ erred in his decision. The Magistrate Judge recommended overruling Mitchell's arguments and finding that the ALJ's decision was supported by substantial evidence. Mitchell objects under the same grounds as before, and the court considers each basis in turn.

### A. Prior Disability Benefits

Mitchell stated in his initial brief that he previously received a determination that he was entitled to disability benefits. Mitchell referred to the "disability report" portion of his application, wherein he wrote that the Appeals Council previously granted Mitchell's disability insurance claim on March 28, 2007. Tr. 326. The application also noted that the folder had been "purged." Id.

The Magistrate Judge explained in the R&R that Social Security Acquiescence Ruling 00-1(4) ("AR 00-1(4)"), also known as the Albright Acquiescence Ruling, governs cases where the Agency is deciding a claimant's subsequent disability claim. Under AR 00-1(4), the Agency must consider the prior finding "as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim." 65 Fed. Reg. 1,936 (Jan. 12, 2000). The Magistrate Judge observed that AR 00-1(4) further provides that "[a]n adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote." Id. Finally, the Magistrate Judge noted that § I-5-4-66 of the Agency's Hearings, Appeals, and Litigation Law Manual ("HALLEX") provides that "[i]f the adjudicator cannot obtain a copy of the prior decision, he or she cannot apply the AR because there is no way of knowing what the prior findings were." HALLEX § I-5-4-66.

After thoroughly reviewing the guidance above, the Magistrate Judge determined that the ALJ had appropriately developed the record for the period at issue and did not err in failing to consider the prior Agency finding based on both its passage of time and on the fact that its records could not be obtained. In his objections, Mitchell acknowledges that AR 00-1(4) applies to the instant matter; however, Mitchell argues that the ALJ erred by failing to mention the prior decision at all. Mitchell further argues that because the ALJ's decision is silent as to the prior disability finding, the court may not simply infer that the ALJ considered it but afforded it little evidentiary weight.

In support, Mitchell cites Hall v. Berryhill, 2017 WL 2805045 (D.S.C. June 13, 2017), report and recommendation adopted, 2017 WL 2797513 (D.S.C. June 28, 2017).

7

Mitchell points to the following explanation issued by the magistrate judge in <u>Hall</u>: "While it is unclear the extent to which an ALJ deciding a subsequent claim is required to address a prior finding of disability made at the initial agency level, the Fourth Circuit's holdings in <u>Lively</u>, <u>Albright</u>, and <u>Bird</u> suggest that the decision cannot be ignored." <u>Id.</u> at *13. Accordingly, the magistrate judge in <u>Hall</u> recommended remanding the case based in part on the ALJ's failure to discuss the Agency's prior administrative finding of disability. <u>Id.</u>

Mitchell's reliance on <u>Hall</u> is misplaced for several reasons. First, as noted by another court, the recommendation in <u>Hall</u> "was adopted based on the clear error standard because no objection was filed and there was no discussion on the merits of this issue in the order . . . . Accordingly, it holds little weight." <u>Lane v. Comm'r of Soc. Sec.</u>, 2022 WL 851728, at *3 (W.D.N.C. Mar. 22, 2022).[2] Instead, the court considers it telling that since <u>Lively</u> and <u>Albright</u>, the closest the Fourth Circuit has gotten to issuing any firm guidance regarding AR 00-1(4) was in <u>Cuffee v. Berryhill</u>, 680 F. App'x 156 (4th Cir. 2017). There, the court adopted a rule stating that "an ALJ does not necessarily have to walk through each factor in order to comply with AR 00-1(4); rather, reviewing and evaluating all the evidence presented at the correct standard complies with the acquiescence ruling." <u>Id.</u> at 159 (citing <u>Grant v. Colvin</u>, 2014 WL 852080, at *7 (E.D.

---

[2] Nevertheless, the court's decision in <u>Lane</u> is not necessarily instructive here. In <u>Lane</u>, the court concluded that the ALJ in that case did not err by failing to consider the Agency's prior disability finding because it had only been an initial determination of disability, rather than a final decision by an ALJ or Appeals Council. <u>Lane</u>, 2022 WL 851728, at *2. Here, Mitchell's application states that the prior disability finding was issued by the Appeals Council, making <u>Lane</u> distinguishable.

Va. Mar. 4, 2014)).  Viewing the ALJ's findings favorably for Mitchell, it is debatable, at best, whether the ALJ complied with this requirement.

Second, the court finds that Hall and other cases requiring discussion of a prior disability determination are distinguishable because those cases did not involve determinations where the records were unobtainable.  Based on HALLEX's guidance, AR 00-1(4) is, in essence, inapplicable where the prior file has been destroyed or cannot be located.  The court adopts the Magistrate Judge's finding that in all other respects, the ALJ ensured that the record was fully developed and that the decision was supported by the available evidence.  Thus, even if the court were to reach the conclusion that AR 00-1(4) generally requires discussion of prior determinations, the court finds that the prior disability finding here does not render the ALJ's decision unsupported by substantial evidence given the minimal weight that HALLEX affords prior findings that lack available records.

Finally, even if the court were to assume that the ALJ erred and was required to discuss the prior disability determination, the court would nevertheless find that remand is improper.  As the Magistrate Judge noted, any error by the ALJ in failing to consider purged records would not be an "outcome determinative error."  R&R at 8; see also Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (noting that reversing the ALJ's decision solely because of an error in failing to assign weight to a doctor's opinion would be futile since it would be "highly unlikely, given the medical evidence of the record, that a remand to the agency would change the [ALJ's] finding of non-disability"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect

9

opinion unless there is reason to believe the remand might lead to a different result."). Stated another way, the court would be throwing judicial efficiency to the wind by remanding this case solely for the purpose of having the ALJ explain that he is unable to consider any part of the Appeals Council's disability determination in the absence of any records. On this point, Mitchell suggests that the ALJ could "take[] testimony and order[] additional records" related to the prior finding, but Mitchell has provided no evidence at all to believe that such testimony or records exist. For those reasons, the court overrules Mitchell's first objection.

### B. RFC

Next, Mitchell argued in his brief that the ALJ erred in formulating the RFC because the ALJ failed to reconcile the opinions of Mitchell's non-examining psychological consultants. Mitchell referred in part to the prior administrative medical finding of Dr. Ruth Ann Lyman ("Dr. Lyman"), who determined that Mitchell is "capable of performing simple routine tasks in a setting with limited contact with the general public" and "can understand and remember simple, but not more detailed instructions." Tr. 139. In considering the evidence, the ALJ found the medical findings to be "somewhat persuasive." Tr. 23. But the ALJ ultimately determined that the medical findings were "at least somewhat consistent" with the other records he considered and that they thus supported the RFC determination.

Mitchell contended in his brief that the ALJ failed to reconcile Dr. Lyman's opinion because the RFC only specified that Mitchell was limited to "simple, routine, and repetitive tasks" and failed to account for Dr. Lyman's opinion that Mitchell is unable to perform "detailed tasks." ECF No. 16 at 22 (emphases added). Elsewhere in the RFC,

10

the ALJ specified that Mitchell could "understand and remember simple, but not more detailed instructions." Tr. 23 (emphasis added). Mitchell argued that this statement conflicted with Dr. Lyman's opinion as well. According to Mitchell, there is no way of knowing that the VE would have provided the same available vocations had the VE been provided with the additional limitations. The Magistrate Judge rejected this argument, explaining that by specifying Mitchell had the ability to perform simple, routine, and repetitive tasks, the ALJ was not concluding that Mitchell had the ability to perform detailed tasks. The Magistrate Judge further explained that "there is no requirement by an ALJ to translate opinion language/verbiage exactly into the RFC determination." R&R at 11 (citing Felton-Miller v. Astrue, 459 F. App'x 226, 230–31 (4th Cir. 2011)).

In his objections, Mitchell contends that the Magistrate Judge erred in excusing the ALJ's failure to account for Mitchell's inability to perform detailed tasks, as opined by Dr. Lyman. Specifically, Mitchell argues that while the ALJ (1) stated that Mitchell could perform simple, routine, and repetitive tasks and (2) accounted for Mitchell's inability to understand detailed instructions, the ALJ never explicitly discussed Mitchell's inability to perform detailed tasks. In support, Mitchell cites a case for the proposition that the words "'tasks' and 'instructions' are similar enough to warrant explanation." ECF No. 21 at 4. But the case that Mitchell cites, Compton v. Saul, is entirely distinguishable. Compton involved a court's determination as to whether there was a conflict between the plaintiff's RFC and the description of the requirements for the jobs that the plaintiff was deemed able to perform as found in the Dictionary of Occupational Titles (the "DOT"). 2019 WL 3821875, at *3 (D.S.C. Aug. 15, 2019). Mitchell's reliance on Compton thus fails to refute the Magistrate Judge's finding that as it relates to

opinions, there is no requirement that an ALJ translate opinion verbiage into an RFC determination. R&R at 11 (citing Felton-Miller, 459 F. App'x at 230–31). Even if the court found Compton applicable, the court would still decline to apply it. In Compton, the court determined that there was an apparent conflict between the RFC and the DOT because the RFC limited the plaintiff to "simple, routine tasks," while the DOT at issue described jobs that involved "detailed but uninvolved instructions." Id. at *3. After the court in Compton deemed the different phrases ("tasks" versus "instructions") to be immaterial, it held that since the VE's list of jobs could require a higher capacity than that outlined by the RFC, the ALJ had failed to develop the record as a matter of law. Id.

Here, however, there is no such apparent conflict. Whereas the DOT "represents [the] approximate maximum requirements," id. at *1 n.2 (emphasis in original), Dr. Lyman opined that Mitchell could not perform detailed tasks, Tr. 139. In other words, Dr. Lyman did not state that Mitchell could do something that the RFC stated he could not do. Rather, the RFC's statement that Mitchell should be limited to simple, routine, and repetitive tasks does not conflict with Dr. Lyman's opinion that he should not perform detailed tasks. In short, Mitchell attempts to seize upon the discussion of "instructions" and "tasks" in Compton when ultimately, that case is fundamentally different. In overruling Mitchell's objections, the court adopts the Magistrate Judge's remaining analysis regarding the ALJ's discussion of the opinion testimony and finds that the ALJ did not fail to reconcile any contrary opinions.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 28, 2022
Charleston, South Carolina**